## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| VICTOR SHELTON, | Case No. 25-CV-3106 (PJS/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| KEITH ELLISON and JAMI DOEDEN, | |
| Respondents. | |

This case comes before the Court on Petitioner Victor Shelton's "Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) and Memorandum of Law in Support" (Dkt. No. 1). For the following reasons, the Court recommends denying the Petition and dismissing this action.

The Petition challenges Mr. Shelton's conviction for one count of receiving profits from prostitution in violation of Minn. Stat. § 609.322, subd. (1)(a)(3). (Pet. at 3; Order & Warrant of Commitment 2, *State v. Shelton*, No. 73-CR-18-5517 (Minn. Dist. Ct. June 13, 2019).) In broad terms, the Petition (along with numerous other filings Mr. Shelton has filed) attacks Minnesota's sex-trafficking and prostitution statutes as well as the prosecution of Mr. Shelton's case. (*See* Pet. 8–37; *see also, e.g.*, Dkt. Nos. 5–7.) A detailed review of those arguments is unnecessary, however, because a threshold issue appears on the face of the Petition. Mr. Shelton was sentenced on June 13, 2019, but the Court did not receive the Petition until August 1, 2025, raising an obvious question of timeliness.

I.  **Legal Standards**

To be timely, a § 2254 petition must be filed within one year from the latest of several dates listed in 28 U.S.C. § 2244(d)(1). In most cases, the clock starts when a state judgment becomes final "by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150–51 (2012). Under § 2244(d)(2), the one-year period is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Critically, though, if a state application is rejected as untimely, it is not "properly filed" and does not toll the deadline. *See, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 413–17 (2005); *Mahlberg v. Minnesota*, No. 24-CV-1989 (PJS/DTS), 2024 WL 4124903, at *4 n.6 (D. Minn. Aug. 9, 2024), *R. & R. adopted*, 2024 WL 4124696 (D. Minn. Sept. 9, 2024).

To be sure, a § 2254 petitioner's filing deadline may be equitably tolled, but only if the petitioner demonstrates both (1) diligent pursuit of his rights and (2) an extraordinary circumstance that prevented timely filing. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418); *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018) (quoting *Holland*).

It is important to note that equitable tolling under § 2244(d)(2) does not extend or reset the § 2244(d)(1) deadline. Instead, it merely "pauses" the limitations period long enough to allow filing once the obstacle is removed. *See, e.g.*, *United States v. Buckhanan*, No. 21-CR-0074 (MJD/LIB), 2023 WL 9502153, at *2 (D. Minn. Aug. 31, 2023). Caselaw also emphasizes that not much is needed to start a § 2254 collateral attack: a petitioner need

only state the grounds and supporting facts, while a full legal memorandum can follow later. *See id.* at *3*; *see also* Rules Governing § 2254 Cases in the U.S. District Courts at Rule 2(c) (stating requirements for § 2254 petition). To justify equitable tolling, then, a petitioner must show circumstances that prevented even a bare filing, despite diligence.

Finally, a credible showing of "actual innocence" may allow review despite untimeliness, but this gateway is "demanding" and requires "'new'" evidence given which "'no juror, acting reasonably, would have voted to find [the petitioner] guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 569 U.S. 383, 386, 401 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also, e.g.*, *Rick v. Harpstead*, 110 F.4th 1055, 1059 (8th Cir. 2024) (quoting *McQuiggin*), *cert. denied*, 145 S. Ct. 1055 (2025).

**II.     Application**

    **A.     Statutory tolling under § 2244(d)(1)(A)**

After his conviction (entered under a plea agreement), Mr. Shelton did not pursue a direct appeal. Under Minnesota law, a defendant has 90 days from the entry of a felony judgment to appeal. *See* Minn. R. Crim. P. 28.02, subd. 4(3)(a). Mr. Shelton's § 2244(d)(1)(A) period therefore began on September 11, 2019, and expired on September 11, 2020. During that one-year window, Mr. Shelton filed no state-court collateral attack.

When Mr. Shelton eventually filed his first postconviction-relief petition, he did so on January 12, 2023. Minnesota's courts denied that petition as untimely under state law. (*See* Order Denying Pets. for Postconviction Relief 10, *State v. Shelton*, No. 73-CR-18-5517 (Minn. Dist. Ct. Nov. 22, 2023); *Shelton v. State*, No. A24-0112, 2024 WL 3565814, at *1 (Minn. Ct. App. July 29, 2024).) Because that petition was untimely, it was not

"properly filed" and therefore provided no tolling under § 2244(d)(2). *See Pace*, 544 U.S. at 413–17; *Mahlberg*, 2024 WL 4124903, at *4 n.6. As a result, the present Petition—filed almost six years after Mr. Shelton's conviction became final—is untimely on its face.[1]

### B. Equitable tolling

As the Court understands Mr. Shelton's position, he seeks to excuse the Petition's untimeliness by repeating equitable-tolling arguments he previously raised (unsuccessfully) in the Minnesota state courts. In substance, these arguments contend that the COVID-19 pandemic and related prison restrictions prevented him from filing his postconviction-relief petition on time (and also should justify late filing of the Petition). It is true that COVID-19 imposed significant burdens on incarcerated litigants. But, as discussed above, equitable tolling requires proof of two elements: diligent pursuit of rights and an extraordinary circumstance that actually prevented timely filing.

Mr. Shelton's 1-year limitations period ran from September 2019 to September 2020. Pandemic restrictions in Minnesota prisons did not begin until March 2020,[2] so the

---

[1] The provisions of § 2244(d)(1)(B)–(D) establish alternative starting points for the limitations period, but none apply here. As explained below, Mr. Shelton makes various assertions about prison conditions, but those arguments go to equitable tolling, not to § 2244(d)(1)(B)'s rule about state-created impediments to filing. As for § 2244(d)(1)(C), neither the Petition nor the related filings identify any "newly recognized" and "retroactively applicable" constitutional right relevant to Mr. Shelton's conviction. Finally, § 2244(d)(1)(D) does not apply here either, because Mr. Shelton's claims rest on legal theories and facts that were known, or could have been discovered with reasonable diligence, at the time of his conviction. (*See generally* Pet.; Dkt. Nos. 5–7.)

[2] *See, e.g.*, Minn. Dep't of Corr., *DOC COVID-19 Preparedness and Response* 6 (Jan. 11, 2021), *available at* https://www.lrl.mn.gov/docs/2021/other/210101.pdf (last accessed Aug. 22, 2025). A federal court may take judicial notice of facts "not subject to reasonable

4

first part of this period involved no COVID-related limits. Mr. Shelton identifies no steps he took during those pre-COVID months to preserve his ability to file a postconviction-relief petition. And once the pandemic began, diligent pursuit of rights would have required concrete efforts to file despite the obstacles. Mr. Shelton shows no evidence of having made such efforts.

Furthermore, even if strict lockdowns had limited Mr. Shelton's ability to file a postconviction-relief petition, he still faces a diligence problem. He did not file his first postconviction-relief petition until January 2023, even though Minnesota's COVID-related peacetime emergency ended in the summer of 2021.[3] Allowing for some difference between statewide conditions and those within Minnesota's prisons, the nearly 18-month delay after the emergency ended shows a lack of diligence. Accordingly, Mr. Shelton has not demonstrated the sustained diligence required to justify equitable tolling of the deadline for his current § 2254 petition.[4]

---

dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," including official government publications available on government websites. Fed. R. Evid. 201(b).

[3] *See* Minn. Dep't of Human Servs., Update on COVID-19 Waivers and End of the State Peacetime Emergency (July 1, 2021), *available at* https://content.govdelivery.com/accounts/MNDHS/bulletins/2e6fe13 (last accessed Aug. 22, 2025).

[4] Furthermore, the Minnesota Supreme Court denied Mr. Shelton's petition for further review of his postconviction-relief petition on November 27, 2024, but he waited another eight months before filing the present Petition in this Court.

## C. Actual innocence

To the extent Mr. Shelton seeks to invoke the "actual innocence" exception to § 2244(d)(1), he has not met the standard. His arguments challenge the validity of the statutes and the fairness of their enforcement, not whether he committed the underlying conduct. He offers no new, reliable evidence of factual innocence that could satisfy the demanding *Schlup/McQuiggin* standard.

## D. Procedural default

Even setting timeliness aside, Mr. Shelton's claims are also procedurally defaulted. When a petitioner does not fairly present federal claims to the state courts and the state courts reject them on an independent and adequate state ground (*e.g.*, state deadlines for collateral attacks), those claims are procedurally defaulted in § 2254 proceedings. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 729–32 (1991); *Arnold v. Dormire*, 675 F.3d 1082, 1086 (8th Cir. 2012) (quoting *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009)). To overcome that default, Mr. Shelton would have to show "cause for the default" and "actual prejudice as a result of the alleged violation of federal law," or establish actual innocence. *See, e.g., Coleman*, 501 U.S. at 750. He does neither. His pandemic-era difficulties do not constitute external "cause" excusing both a late state filing and a years-late federal filing, and, as explained above, he offers no new evidence of innocence. Thus, even if the Court were to overlook the § 2244(d)(1) statute of limitations, procedural default would still bar review of Mr. Shelton's claims.

### E. Summary

In summary, the Court recommends denying the Petition and dismissing this action. One final issue remains: whether to issue a certificate of appealability ("COA"). When a § 2254 petition is dismissed on procedural grounds, a COA should issue only if reasonable jurists could debate both (1) whether the petition states a valid constitutional claim and (2) whether the procedural ruling is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On this record, no reasonable jurists would dispute the correctness of the Court's procedural rulings. The Court therefore recommends that no COA be issued.

### RECOMMENDATION

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Victor Shelton's "Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) and Memorandum of Law in Support" (Dkt. No. 1) be **DENIED**.

2. This action be **DISMISSED**.

3. No certificate of appealability issue.

Dated: August 25, 2025     *s/ John F. Docherty*
                            JOHN F. DOCHERTY
                            United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to

those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).