UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VICTOR SHELTON, | Case No. 25-CV-3106 (PJS/JFD) |
| Petitioner, | |
| v. | ORDER |
| KEITH ELLISON and JAMI DOEDEN, | |
| Respondents. | |

Victor Shelton, pro se.

Thomas R. Ragatz, MINNESOTA ATTORNEY GENERAL'S OFFICE, and Michael J. Lieberg, STEARNS COUNTY ATTORNEY'S OFFICE, for defendant.

This matter is before the Court on petitioner Victor Shelton's objection to the August 26, 2025 Report and Recommendation ("R&R") of Magistrate Judge John F. Docherty. Magistrate Judge Docherty recommends denying Shelton's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and dismissing this action as untimely. ECF No. 13. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules the objection and adopts the R&R.

Shelton's objection is largely composed of arguments that are irrelevant or mistaken. Only one of those arguments merits comment: Shelton repeatedly faults Judge Docherty for dismissing his habeas action without conducting a detailed review

of his arguments. Indeed, according to Shelton, "the most concerning thing" about the R&R is that Judge Docherty "made all of these adverse recommendations" after admitting that he had not conducted "[a] detailed review" of Shelton's arguments. ECF No. 14 at 2.

Shelton misrepresents the R&R. Judge Docherty did not say that a "detailed review" of *all* of Shelton's arguments was unnecessary. Judge Docherty said only that a detailed review of Shelton's arguments *on the merits*—specifically, his challenges to "Minnesota's sex-trafficking and prostitution statutes as well as the prosecution of Mr. Shelton's case"—was unnecessary *because Shelton's § 2254 action was untimely*. ECF No. 13 at 1. Judge Docherty then thoroughly explained his rationale for finding the action untimely—a rationale that included responses to Shelton's arguments *about timeliness*. Because Judge Docherty found Shelton's lawsuit to be untimely, Judge Docherty had no reason to address the merits of Shelton's (time-barred) claims.

After Shelton's conviction became final in 2019, Shelton waited four years to file a petition for post-conviction relief in state court and six years to file this habeas action in federal court, seeking to raise challenges that he could have raised in 2019. For the reasons explained by Judge Docherty, this Court fully agrees that Shelton's habeas action is barred by the one-year statute of limitations found in § 2244(d)(1).

ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY

ORDERED THAT:

1. Petitioner Victor Shelton's objection [ECF No. 14] is OVERRULED.

2. The Court ADOPTS the R&R [ECF No. 13].

3. Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus [ECF No. 1] is DISMISSED WITH PREJUDICE.

4. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 17, 2025                    /s/ Patrick J. Schiltz
                                             Patrick J. Schiltz, Chief Judge
                                             United States District Court